J-S22012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTONIO ADAM HOWELL | |
| Appellant | No. 1454 MDA 2015 |

Appeal from the Judgment of Sentence July 22, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001676-2014

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MARCH 04, 2016**

Appellant, Antonio Adam Howell, appeals from the July 22, 2015 aggregate judgment of sentence of 4 and 1/2 to 16 years' imprisonment, imposed by the trial court after Appellant entered a negotiated guilty plea to 21 criminal offenses, including two counts of simple assault, one count of aggravated assault, seven counts of robbery, and eleven counts of conspiracy.[1]  With this appeal, Appellant's counsel has filed a petition to withdraw and an ***Anders***[2] brief, stating that the appeal is wholly frivolous.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701, 2702, 3701, and 903, respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

After careful review, we are constrained to deny counsel's petition to withdraw and remand for further proceedings consistent with this Court's recent decision in **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa. Super. 2015).

The trial court summarized the relevant factual and procedural history of this case as follows.

> On October 28, 2014, the Commonwealth charged [Appellant] with 22 counts, including two counts of Simple Assault, one count of Aggravated Assault, eight counts of Robbery and eleven counts of Conspiracy to commit the forgoing crimes. On April 29, 2015, the Commonwealth agreed to *nolle pros* one of the robbery charges, and [Appellant] entered a guilty plea to all of the remaining counts, as charged. On July 22, 2015, [the trial court] imposed a sentence on [Appellant]. In doing so, [the trial court] complied with the parties' plea agreement calling for a minimum of 54 months in prison. ...
>
> [The trial court] found that most of the counts merged, and only sentenced [Appellant] on Count 1, []; Count 2 []; Count 12 []; and Count 13[].
>
> [The trial court] imposed identical sentences for Counts 1 and 12 of 54 months to 16 years in a state correctional facility. Likewise, the sentence on Counts 2 and 13 were identical—three to 12 years' imprisonment. The sentences imposed on Counts 2, 12 and 13 were to be served concurrently with the sentence imposed on Count 1, for an aggregate sentence of 54 months to 16 years. [The trial court] ordered [Appellant] to pay the costs of prosecution and a fine of $400. [The trial court] also ordered [Appellant] to make restitution ... and pay $1,462.17 to the Crime Victims' Compensation Fund.
>
> On August 18th, [2015,] [Appellant's] counsel filed a Notice of Appeal.

- 2 -

Trial Court Opinion, 9/30/15, at 2-4 (footnotes omitted).

On August 24, 2015, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant complied on September 11, 2015. The record does not indicate that Appellant filed a response to the *Anders* brief.

In the *Anders* brief, counsel has raised the following issues for review.

1. Was the sentence so manifestly excessive as to constitute too severe a punishment?

2. Was the sentence imposed manifestly excessive because undue weight was assigned to the gravity of the offenses despite the existence of certain mitigating factors such as [Appellant's] age and education?

3. Was the sentence imposed unreasonably disproportionate to co-defendant's sentence?

*Anders* Brief at 3.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, an *Anders* brief shall comply with the requirements set forth by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

[W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the

record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Further, "this Court must conduct an independent review of the record to discern if

there are any additional, non-frivolous issues overlooked by counsel."
*Flowers*, *supra* at 1250 (footnote and citation omitted).

In this appeal, we conclude that counsel's *Anders* brief complies with the requirements of *Santiago*. First, counsel has provided a procedural and factual summary of the case with references to the record. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. Third, counsel concluded, "after a thorough review of the record and applicable law, undersigned appointed counsel for Appellant believes this appeal would be wholly frivolous." *Anders* Brief at 16. Lastly, counsel has complied with the requirements set forth in *Millisock*. *See* Letter from Counsel to Appellant, dated 11/24/15. As a result, we must conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

Instantly, as in *Flowers*, the notes of testimony are absent from the certified record. The record is devoid of transcripts from the April 29, 2015 guilty plea proceeding and the July 22, 2015 sentencing hearing.[3] In *Flowers*, we stated as follows.

> [W]ithout these notes of testimony, counsel could
> not have assessed whether any non-frivolous issues
> exist in connection with Flowers' guilty plea
> proceeding. We therefore cannot conclude that

---

[3] In the notice of appeal and motion to proceed *in forma pauperis* filed August 18, 2015, counsel copied "Michelle Brown, Court Stenographer," but there is no indication that counsel otherwise requested the transcripts.

- 5 -

> Counsel has fulfilled his obligations pursuant to ***Anders***. Thus, we deny counsel's petition to withdraw and remand with instructions for counsel to obtain the missing notes of testimony and to file an advocate's brief or another ***Anders*** brief and petition seeking to withdraw following his review of a complete record.

***Flowers***, ***supra*** at 1250-1251.

Based on the foregoing, we adhere to the precedent of ***Flowers*** and deny counsel's petition to withdraw, and remand the case for counsel to obtain the missing notes of testimony from both the guilty plea and sentencing proceedings, review the complete record, and to file an advocate's brief or ***Anders*** brief and petition to withdraw.

Petition denied. Case remanded. Panel jurisdiction retained.